UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

**CIVIL ACTION NO. 10-145-JBC**

**JERRY WAYNE BURNETT,** **PLAINTIFF,**

**V.** **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment. R. 6, 9. The court will deny Burnett's motion and grant the Commissioner's motion because substantial evidence supports the administrative decision.

At the time of the alleged onset of Jerry Wayne Burnett's disability, he was fifty-six years of age with past relevant work experience as city council member and in the plumbing manufacturing industry. AR 65, 119. He did not complete twelfth grade but earned his GED between 1972-1973. AR 124. He applied for disability insurance benefits ("DIB") on October 19, 2007 (AR 86-87), alleging disability beginning February 14, 2006, due to Crohn's Disease, arthritis, vision problems and depression. AR 69. His claim was denied initially (AR 65-68) as well as upon reconsideration (AR 69-71). After a hearing held on March 19, 2009 (AR 12-15), Administrative Law Judge ("ALJ") Frank Letchworth ruled that Burnett engaged in substantial gainful activity since February 14, 2006. AR 14-15; *see* 20 C.F.R. 404.1520(b); 20 C.F.R. 404.1571 *et seq*.

1

At Step 1, *see* 20 C.F.R. § 404.1520(a), the ALJ found that Burnett had engaged in substantial gainful activity since the date of the alleged onset of his disability. AR 14-15. Thus, the ALJ denied Burnett's claim for DIB on July 20, 2009. *Id*. Burnett appealed the ALJ's decision, but the Appeals Council denied his request for review on March 26, 2010. AR 2-6. Following the denial, Burnett filed this action.

Burnett challenges the ALJ's decision on two grounds: that the ALJ failed to take into consideration the nature of his position as member of the Somerset City Council as required under 20 C.F.R. § 404.1574(a)(2), and that the ALJ failed to consider impairment-related work expenses under 20 C.F.R. § 404.1576(c)(5).

The ALJ did not err in determining that Burnett's position as member of the Somerset City Council constituted substantial gainful activity, which means work activity that is both "substantial and gainful." 20 C.F.R. § 404.1572. Substantial work is "activity that involves doing a significant physical or mental process." 20 C.F.R. § 404.1572(a). Work can be substantial if it is done on a part-time basis. *Id.* Gainful work is "work activity that you do for pay or profit." 20 C.F.R. § 404.1572(b). Burnett bears the burden of showing he was not engaged in such activity. *See Warner v. Commissioner of Social Sec.*, 375 F.3d 387 (6th Cir. 2004). Burnett was elected to the Somerset City Council in 2000 and continued to draw a salary after February 2006, Burnett's alleged date of disability. AR. 33. Burnett performs the same functions as every other council member, including attending two meetings per month. *Id*. While Burnett's duties as councilman may

2

not require significant amounts of time, the record supports a finding that it was substantial and gainful activity. 20 C.F.R. § 404.1573(e). The ALJ notes the "claimant has neither alleged nor shown that his work activity on [the] city council does not contribute substantially to the operation of that governmental body, that his participation is unsatisfactory in any way, that he receives any special accommodation from the council, or that he is in any way not deserving of the salary he receives for his service." AR. 15. Therefore, the ALJ's decision that Burnett was engaged in substantial gainful activity is reasonably supported by substantial evidence and Burnett is not entitled to remand under Sentence Four of 42 U.S.C. § 405(g).

In considering the nature of Burnett's position, the ALJ was not overturning the initial determination of the Social Security Administration. Neither the Notification of Disapproved Claim (AR. 65) nor Notice of Reconsideration (AR. 69) makes any determination regarding whether Burnett was engaged in substantial gainful activity. Both the disapproval and reconsideration decisions are based on the determination that Burnett's impairments do not "significantly affect [his] ability to perform basic work related activities." AR. 69. While the Notification of Disapproved Claim gives information on what qualifies as substantial work, it makes no decision as to whether Burnett was engaged in it. Further, regardless of whether the Social Security Administration had made a determination as to Burnett's activity, the ALJ makes his decision using the five-step process, which includes determining whether Burnett was engaged in substantial gainful activity.

3

The ALJ also correctly applied the law when he did not take into consideration impairment-related work expenses, which include payments for drugs and medical services used to control a claimant's impairments. 42 U.S.C. § 423(d)(4)(A); 20 C.F.R. § 404.1576(c)(5). When determining whether a claimant is engaged in substantial gainful activity, the Social Security Administration is required by both statute and regulation to subtract impairment-related work expenses from a claimant's earnings. However, Burnett bears the burden at step one to rebut the presumption that he is engaged in substantial gainful activity based on his earnings. *Bell v. Commissioner of Social Sec.*, 105 F.3d 244, 246 (6th Cir. 1996) (citing *Younger for Younger v. Secretary of Health and Human Services*, 910 F.2d 319 (6th Cir. 1990)). When a claimant's earnings are above a certain level, it creates a rebuttable presumption that the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.974(b)(2), *Bell*, 105 F.3d at 246. The evidence before the ALJ shows that from the date of the alleged onset of his disability, Burnett earned above the level at which a claimant is determined to have been engaged in substantial gainful activity. 20 C.F.R. § 404.1574(b). While the record contains lists of medications and documentation from physicians prescribing medication and Burnett testified about the medications he took and the doctors he saw, Burnett provided no information to the ALJ of the costs of payments for drugs and medical services which might be deductible. 20 C.F.R. § 404.1576(c)(5). Further, when asked at the hearing about his financial situation, Burnett did not mention the cost of medication or doctors' visits. AR. 32.

It was the responsibility of Burnett and not the ALJ to add evidence regarding impairment-related work expenses to the record. As previously noted, the claimant bears the burden of showing he is not engaged in substantial gainful activity. Only under special circumstances -- when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures -- does the ALJ have a special duty to develop the record. *Lashley v. Secretary of Health and Human Services.*, 708 F.2d 1048, 1051-52 (6th Cir.1983). Burnett was represented by counsel at the time of the hearing. Nothing in the record indicates Burnett was not capable of presenting an effective case or was unfamiliar with the hearing procedures. The ALJ's decision is reasonably supported by substantial evidence and Burnett is not entitled to remand under Sentence Four of 42 U.S.C. § 405(g).

The evidence presented by Burnett also does not satisfy the requirements for remand under Sentence Six of 42 U.S.C. § 405(g). "The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). "[I]n order to show good cause[,] the complainant must give a valid reason for his failure to obtain evidence prior to the hearing." *Oliver v. Sec. of Health and Human Services*, 804 F.2d 964, 966 (6th Cir.1986) (citing *Willis v. Sec. of Health and Human Services*, 727 F.2d 551, 554 (6th Cir.1984)). *Oliver*, 804 F.2d at 966. Burnett asserts that good cause is

5

established "because the information . . . was not available to the claimant's prior attorney when the case was before the ALJ." R. 6-1 at 9-10. This is not sufficient to establish good cause. While the table was not prepared until after the ALJ's decision, the information was known to Burnett and could have been included in the record. Therefore, Burnett is not entitled to remand under Sentence Six of 42 U.S.C. § 405(g). Accordingly,

**IT IS ORDERED** that the Commissioner's motion for summary judgment (R. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (R. 6) is **DENIED**.

Signed on August 31, 2011

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY